UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY LYNN ALANA,

        Petitioner,　　　　　　　Case No. 1:14-cv-963

v.　　　　　　　　　　　　　　　Honorable Gordon J. Quist

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Gregory Lynn Alana is presently incarcerated with the Michigan Department of Corrections at the West Shoreline Correctional Facility in Muskegon Heights, Michigan. On November 23, 2005, an Eaton County Circuit Court jury convicted Petitioner of three counts of delivery of less than 50 grams of a controlled substance (cocaine), MICH. COMP. L. § 333.7401(2)(A)(4), two counts of delivery of 50 to 449 grams of a controlled substance (cocaine), MICH. COMP. L. § 333.7401(2)(A)(3); and one count of felony firearm, MICH. COMP. L. § 750.227b.

Following the jury verdict, Petitioner was remanded to jail. Because of special medical needs, however, Petitioner was released on bond before his sentencing. (Appl. for Leave to Appeal, ECF No. 10-1, PageID.152.) He absconded. Petitioner turned himself in almost five years later. On November 24, 2010, Petitioner was sentenced to 4 years to 20 years on each count of delivery of less than 50 grams, concurrent to sentences of 8 years, 8 months to 20 years on each

count of delivery of between 50 and 449 grams, all consecutive to a two-year term for Petitioner's felony-firearm violation.

Petitioner never appealed his convictions or sentences. His retained counsel filed a motion to review judgment of sentence ten months after Petitioner was sentenced (Eaton Cty. Docket Sheet, ECF No. 16-1, PageID.338.) The motion was withdrawn on December 1, 2011, because the court had no jurisdiction to hear such a motion. In place of the motion to review sentence, on May 18, 2012, Petitioner, through retained counsel, filed a motion for relief from judgment under Michigan Court Rule 6.500 *et seq*.

By opinion entered May 21, 2013, the Eaton County Circuit Court denied Petitioner's motion for relief. Petitioner sought leave to appeal that decision in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave by orders entered October 30, 2013, and May 27, 2014, respectively.

On September 17, 2014, Petitioner, through counsel, filed his petition for writ of habeas corpus in this Court. Petitioner has since filed an amended petition raising six grounds for relief:

    I.      Unlawful Search and Seizure, Violation of 4th Amendment.

    II.     Prosecutorial Misconduct that denied a Due Process Fair Trial under the 5th and 14th Amendments.

    III.    Ineffective Assistance of Trial Counsel in Violation of 6th and 14th Amendments.

    IV.    An Unlawful Sentence was imposed as a consequence of incorrectly scored Sentencing Guidelines in violation of the 5th and 14th Amendments.

    V.     An Unlawful Sentence was imposed as a consequence of incorrectly scored Sentencing Guidelines in violation of the 5th and 14th Amendments.

    VI.    Improper Denial of Motion for Relief from Judgment, per MCR 6.500 et seq.

(Pet., ECF No.10, PageID.133-139.) Respondent has filed an answer to the petition (ECF No. 15) stating that the grounds should be denied because they are procedurally defaulted or otherwise without merit. Upon review and applying the AEDPA standards, I find that the grounds are procedurally defaulted or not cognizable on habeas review. Accordingly, I recommend that the petition be denied.

## Discussion

### I. Factual allegations

Because resolution of the petition depends upon Petitioner's procedural default, a detailed recitation of the trial testimony is unnecessary. Petitioner was accused of making several cocaine sales to an undercover deputy. When the officers came to arrest Petitioner, he brandished a firearm. Officers testified regarding each sale and Petitioner's conduct at the time of his arrest. Petitioner did not take the stand in his own defense.

### II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words,

4

"[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (internal quotation omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Procedural default

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster*, 324 F.3d at 436-37; *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

Here, the last reasoned state-court decision was rendered by the Eaton County Circuit Court on May 21, 2013. The trial court denied relief based on Mich. Ct. R. 6.508(D):

> The Court is aware that pursuant to MCR 6.508(D), the defendant has the burden of establishing entitlement to the relief requested. The Court may not grant relief to the defendant if the motion pursuant to MCR 6.508(D)(3) "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates (a) good cause for failure to raise such grounds on appeal or in the prior motion, and (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in the subrule, "actual prejudice" means that, (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal; (iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case. The Court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime."

(Eaton Cty. Cir. Ct. Op., ECF No. 16-15, PageID.1363-1364.) The trial court went on to note that Petitioner failed to raise any of his issues on direct appeal. (*Id.*, PageID.1364.) The Court found that the defendant had failed to demonstrate "good cause" for that failure as to any of the issues he raised in his motion for relief from judgment. (*Id.*, PageID.1366.) The Michigan Court of Appeals and Michigan Supreme Court echoed the trial court's conclusion, denying leave to appeal because "the defendant ha[d] failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (Mich. Ct. App. Ord., ECF No. 16-16, PageID.1368; Mich. Ord., ECF No. 16-17, PageID.1425.) There can be no dispute that the state courts applied a procedural rule to bar review of the claims that Petitioner now seeks to raise in this Court.

Moreover, the state procedural rule provided an adequate and independent basis for the trial court's decision. A state law procedural rule is adequate and independent when it was "firmly established and regularly followed" at the time of the asserted procedural default. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998) (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

6

Although there may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question," *see Lee v. Kemna*, 534 U.S. 362, 376 (2002), this case does not fall within that "limited category." *Id.*

Under MICH. CT. R. 6.508(D)(3), a defendant may not collaterally attack a conviction based upon claims that could have been raised on direct appeal. For a claim that could have been raised in a previous appeal, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MICH. CT. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because Mich. Ct. R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place thereafter, MICH. CT. R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers,* 144 F.3d at 994.

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S.

7

at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Petitioner has not attempted to explain his failure to raise the issues on direct appeal. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Petitioner offers no explanation for his failure to appeal his convictions or sentences. Accordingly, he has not demonstrated cause for his failure to raise his habeas issues on direct appeal.

In the hope of excusing his procedural default in some other way, Petitioner suggests that he is actually innocent. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986). The Supreme Court has definitively established the showing necessary to make out a case of "actual innocence." In *Schlup v. Delo*, 513 U.S. 298 (1995), the Court set forth the standard by which such claims must be judged:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eye witness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324. Given the rarity of such evidence, the allegation of actual innocence has been summarily rejected in virtually every case. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). The Court must determine whether Petitioner has demonstrated actual innocence by clear and convincing evidence, such that his conviction represents a "fundamental miscarriage of justice." *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Petitioner does not attempt to introduce new evidence. Rather, he merely attempts to relitigate evidence that was available at the time of trial. Thus, I find that his claim of actual innocence has no merit and cannot justify excusing a procedural default. Accordingly, this Court's consideration of Petitioner's habeas issues I, II, III, IV, and V is barred by Petitioner's procedural default.

### III. State law claim

In Petitioner's habeas issue VI, he challenges that state courts' application of MICH. CT. R. 6.508(D)(3). Specifically, Petitioner argues that the rule can bar review of claims if a convict files an appeal and fails to raise the claims, but not if the convict fails to file an appeal. (Mich. Ct. App. Appl. for Leave to Appeal, ECF No. 10-1, PageID.186-191; Mich. App. for Leave to Appeal, ECF No. 10-2, PageID.238-242.)

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Petitioner's habeas issue VI raises an error of state law. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The issue is simply not cognizable on habeas review.

Even if the issue were cognizable, Petitioner would not be entitled to relief. The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). Thus, the state courts' rejection of Petitioner's state law argument is axiomatically correct.

## **Certificate of Appealability**

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have examined each of Petitioner's claims under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this

standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's denial of Petitioner's claims would be debatable or wrong.

### **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: August 29, 2017                                    /s/ Ray Kent
                                                         United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)©; Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).